**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID DEBORNE,

     Petitioner.

v.

                                     Case No. 1:26-cv-01657-MIS-KRS

WARDEN, Cibola County Correctional
Center; EL PASO FIELD OFFICE
DIRECTOR, Immigration and Customs
Enforcement; U.S. ATTORNEY GENERAL;
TODD LYONS; and MARKWAYNE
MULLIN,

     Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner David Deborne's Amended Petition for Writ of Habeas Corpus ("Petition"), ECF No. 6, filed June 8, 2026. The federal Respondents filed a Response on June 10, 2026.[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

Petitioner is a citizen of Haiti who entered the United States on December 8, 2018, on a K-1 visa as the fiancé of a U.S. Citizen. Pet. ¶¶ 4, 9; Form I-213 Narrative at 2, ECF No. 7-1. On February 25, 2021, Petitioner adjusted his immigration status and became a lawful permanent resident of the United States. Pet. ¶ 10; Form I-213 Narrative at 2.

---

[1]    The Clerk's Office served all Respondents pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

On April 12, 2024, Petitioner was convicted of aggravated assault with a deadly weapon in violation of Section 784.021(1)(a), Florida Statutes, and battery in violation of Section 784.03(1)(a), Florida Statutes.  Pet. ¶¶ 12-13; Form I-213 Narrative at 3.  For these crimes, Petitioner was sentenced to 41 days incarceration (time served).  Pet. ¶ 13; Form I-213 Narrative at 2.

On October 28, 2024, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner and served him a Notice to Appear, charging him as removable under: (1) Section 237(a)(2)(A)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1227(a)(2)(A)(i); and (2) Section 237(a)(2)(C) of the INA, codified at 8 U.S.C. § 1227(a)(2)(C).  Notice to Appear at 1-4, ECF No. 7-2.  Petitioner was subsequently transferred to the Cibola County Correctional Center in Milan, New Mexico, where he is currently detained.  Pet. ¶ 16.

On November 21, 2025, an Immigration Judge ordered Petitioner removed to Haiti, finding that Petitioner was removable under Section 237(a)(2)(A)(i) and Section 237(a)(2)(C) of the INA.  Order of the Immigration Judge ("Removal Order") at 1, ECF No. 7-3.  On December 22, 2025, Petitioner appealed the Removal Order to the Board of Immigration Appeals ("BIA").  Pet. ¶ 19; EOIR Automated Case Info., ECF No. 7-4.  The Parties' briefs to the BIA are due June 18, 2026.  EOIR Automated Case Info. at 2.  Petitioner has also filed a post-conviction motion to withdraw his plea in the Florida case based on alleged Sixth Amendment violations.  Pet. ¶ 20.

On June 8, 2026, Petitioner filed the operative Amended Petition for Writ of Habeas Corpus, arguing that his prolonged detention violates his substantive and procedural due process rights under the Fifth Amendment to the U.S. Constitution.  ECF No. 6 ¶¶ 24-37.

On June 10, 2026, Respondents filed a Response arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c).  ECF No. 7 at 2-4.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that notwithstanding his status as a removable noncitizen, his prolonged immigration detention—now exceeding nineteen months—violates his substantive and procedural due process rights under the Fifth Amendment.  Pet. ¶¶ 21-37.  He seeks immediate release subject to reasonable conditions of supervision or, in the alternative, an individualized bond hearing before an immigration judge where Respondents bear the burden of justifying Petitioner's continued detention.  Id. at 15.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because he committed offenses identified in Section 237(a)(2)(A)(i) and 237(a)(2)(C) of the INA.  ECF No. 7 at 2-4.

Initially, the Court finds that Petitioner is a deportable noncitizen subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B).  That provision states: "The Attorney General shall take into custody any alien who . . .  is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]"  8 U.S.C. § 1226(c)(1)(B).  Here, the Immigration Judge found that Petitioner is removable for having committed a firearm offense covered in Section 1227(a)(2)(C).[2]  Removal Order at 1.  As such, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B).[3]  See Duran v. Chestnut, Case No. 1:26-cv-02020-JLT-CDB (HC), 2026 WL 1383366, at *8 (E.D. Cal. May 18, 2026) (finding that the

---

[2]    That provision states: "Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable."  8 U.S.C. § 1227(a)(2)(C).

[3]    Because the Court finds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) for having committed an offense identified in 8 U.S.C. § 1227(a)(2)(C), the Court need not decide whether Petitioner is subject to mandatory detention for having committed an offense under 8 U.S.C. § 1227(a)(2)(A)(i).  However, the Court notes that it is at least questionable whether Petitioner is subject to mandatory detention for having committed an offense under Section 1227(a)(2)(A)(i).  The "[d]eportable alien" statute provides, in relevant part:

Any alien who—

(I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and

(II) is convicted of a crime for which a sentence of one year or longer may be imposed,

is deportable.

8 U.S.C. § 1227(a)(2)(A)(i).  In turn, the applicable provision of the relevant detention statute provides: "The Attorney General shall take into custody any alien who . . . is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year . . . ."  8 U.S.C. § 1226(c)(1)(C) (emphasis added).

Here, Petitioner was found to be a deportable alien under Section 1227(a)(2)(A)(i), see Removal Order at 1, ECF No. 7-3, but he does not appear to fall under the mandatory detention provision because he has not been sentenced to a term of imprisonment of at least a year.  Rather, he was sentenced to forty-one days imprisonment.  See Form I-213 Narrative at 2, ECF No. 7-1.

petitioner was a deportable alien subject to mandatory detention under Section 1226(c) because he committed a firearm offense covered by Section 1227(a)(2)(C)).

However, the Court further finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over nineteen months, with no reasonably foreseeable end in sight,[4] is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003);

---

[4]     As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management,...it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, __ F. Supp. 3d __, 2026 WL 1469639, at *3 (W.D. Wash. 2026).

In any event, Respondents present no evidence or argument that the end of Petitioner's detention is reasonably foreseeable. See generally Resp., ECF No. 7.

Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

III. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Petitioner David Deborne's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 6, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring, regular check-ins, and/or prohibiting Petitioner from possessing a firearm;

3. Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration

proceedings, or (2) a valid final order of removal and concrete travel plans to effectuate removal; and

4.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

7